UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Douglas Appiah aka Douglas Johnson
R2 6131 Lap Con
Amend.

14 CV 9246

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Cyrus R. Vance, Jr. District Attorney.
Center for Appellate Litigation
Robert S. Dean Attorney in Charge
Elaine E. Friedman Deputy Attorney
Lisa A. Packard Appellate Counsel
Appellate Division Supreme Court First Dept
Hon Luis A. Gonzalez, Peter Tom, Angela
M. Mazzarelli, Richard T. Andrias,
David Friedman, Cont 6131 Lap Amend
Samuel Davis, Det Robert Shannon,
Gary Culter, Hon Ronald Zweibel

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☐ Yes  ☑ No
(check one)

RECEIVED
NOV 12 2014
PRO SE OFFICE

## I.   Parties in this complaint:

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name  Douglas Johnson Amend (6131 Lap)
            ID #  13A0285 Cont 6131 Lap
            Current Institution  Coxsackie Correctional Facility
            Address  Po Box 999 Coxsackie New York
                     12051-0999

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name  Robert S. Dean  Shield # _____
                  Where Currently Employed  Center for Appellate Litigation
                  Address  74 Trinity Place 11th Floor
                           New York, New York 10006

Rev. 05/2010                                1

Defendant No. 2   Name __ELAiNe E. Friedman__ Shield #_____
Where Currently Employed __Center for Appellate litigation__
Address __74 trinity Place 11th Floor__
__New york, New york 10006__

Defendant No. 3   Name __LiSA. A. Packard__ Shield #_____
Where Currently Employed __Center for Appellate litigation__
Address __74 Trinity Place 11th Floor__
__New york, New york 10006__

Defendant No. 4   Name __Luis A Gonzalez__ Shield #_____
Where Currently Employed __Appellate First Judicial Supreme court__
Address __60 Centre St New york New york__
__10007__

Defendant No. 5   Name __Peter tom__ Shield #_____
Where Currently Employed __Appellate First Judical Supreme court__
Address __60 Centre St New york, New york__
__10007__

cont pg 2

## II.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?
_____
_____

B.   Where in the institution did the events giving rise to your claim(s) occur?
_____
_____
_____

C.   What date and approximate time did the events giving rise to your claim(s) occur?
_____
_____
_____

Cont ps 2.

Defendant No. 6   Name __Angela M. Mazzarelli__ Shield # _____
                  Where Currently Employed __Appellate First Judicial Supreme Court__
                  Address __60 Centre St New York New York__
                  __10007__

Defendant No. 7   Name __Richard T. Andrias__ Shield # _____
                  Where Currently Employed __Appellate First Judicial Supreme Court__
                  Address __60 Centre St New York, New York__
                  __10007__

Defendant No. 8   Name __David Friedman__ Shield # _____
                  Where Currently Employed __Appellate First Judicial Supreme Court__
                  Address __60 Centre St New York, New York__
                  __10007__

Defendant No. 9   Name __Cyrus R. Vance JR__ Shield # _____
                  Where Currently Employed __District Attorney New York County__
                  Address __One Hogan Place New York, New York__
                  __10013, 212-335-9000__

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?
   On June 11th 2013 Robert S. Dean Appellate Litigation, on July 1st 2014, Brief was filed to Appellate Court for Sept. Court allowed Extension on August 6th 2014 at One Hogan Place DA Office Cyrus R. Vance JR.

B. Where in the institution did the events giving rise to your claim(s) occur?
   Center for Appellate Litigation in 74 Trinity Place 11th Floor First Judicial Department Appellate Term Supreme Court
   60 Centre St NY 10007
   One Hogan Place NY 10013.

C. What date and approximate time did the events giving rise to your claim(s) occur?
   On June 2014 when Brief was done without my amend ease law under 6131 LAP with Appellate Litigation received, July 1st 2014, Brief given to First District court, August 6th 2014 for DA to have Extension. On P.L 210.45, False Felony Complaint.

D. Facts: ON Dec 1st 2011 ON Docket 2011NY076162 went to the Grand Jury, Samuel David ADA, with Attorney Gary Cutler was in perjury in Honorable Larry Stephen Chamber in pt 1 of New York Supreme court Criminal term pt 1 of not Signing A waiver wich the minutes and case law is Amended under 6131 LAP Also felony complaint under the same Dct number of oct 20 2011 Detective Robert Shannon Shield No 04514 of the 026 pct. made false Statements of Section 210.45 of the penal law. At 1220 Hrs. Wich is Amended under 6131 LAP. On Nov 28, 2012 In Judge Ronald Zweibel wade Huntley Hearing Failed to give Brady material to the Defense only Rasior report, On Dec 1st 2012 in same part 41 trial was Subjected to vindictive prosecution of Soliciting false Statements of the felony complaint. 2011NY076162 ind No 5574/2011, As prose the Judge Said this was not in Evidense on the Exhibit Sheet indictment filed No 5574-11 wich reflect the false felony complaint on 11-28-12 But on June 2014, Robert S. Dean, Elaine Friedman, Lisa A packard of Center for Appellate Litigation Disregard this same case law wich was Amended under 6131 LAP. Staying within the bonds of Mental hygine laws Instead of criminal law. On July 1st 2014 the Brief was given to 60 Centre St frst Judical Dept For te Sept term, Hon Luis A. Gonzalez, Peter tom, Angela m. Mazzarelli, Richard t. Andias Cont. p.5 2

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

CNT 2

D. Facts: And David Friedman wich Allow the DA office to have an extension after Agust 6th of 2014, of condoins this false felony complaint. The Appellate Litigation Center is being bias of my New York claim number In I cente st 2012 p1020547 on Juiens Samuel Daiud on a State claim of 2.5 million at one Hogan place New york New york 10013, Wich Samuel Daiud and sary cutter of not signing a waiver wich occurd Dec 1st of 2011. Wich is amend under 6131 LAP. The Appellate Litigation And the 1st Department have well knowledge of this problem. I have Incleeded case law and Exhibits on the following pages of the Appellate Ligation Brief, motions given by Gary R. Sudden Dealing with Brady material wich they purposly failed to Bring up that issue, Brady v maryland pursant to CpL section 240.20 (E) And (G) 9 ny 2d 286. Since i wasent Instructed By my Legal Abuser Gary Sudden on Dec 1st 2011 trial in part 41. To put evidence of my Rosiar report. Roberts Dean stated - occurred in the midst of his increasingly garbled tangents, showing that his statement was more likely the product of his decompensation rather than a true lack of remorse, Disregarding copys of my Rosiro report, false police reports of videotape Conducted By Robert Shannon, APS Data Suet of Sary cuttler falsefying videotape of pocket Book Being snatch, of upgrading Grand Larceney in the 4th Degree pL 155.30 (5) to Roibery in 3rd Voilation of penal law 160.05. Cont next page on facts and Exhibits.

III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Under Claim number 2012p1020547 my medical records to Anstais perez recived 5 stiches Right Eye Brow, mis disionks Under mid Hudson of no direction under Ability, mental anguish of Being found giulty on a false felony complaint conducted by dective Robert Shannon, Cyrus A vance Jr. Allowing one Hogan pive to conduct Vindictive prosecution, Center for Appellate Littigation, And First Julical Dept Appelate term to Allow One Hogan pivee to continue with PL 240.45.

IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No ✓